<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 00-6220**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDY KENDRELL SIMPSON, a/k/a Cheese,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-96-11, CA-98-974)

───────────

Submitted:  April 10, 2000          Decided:  April 25, 2000

───────────

Before MOTZ and TRAXLER, Circuit Judges, and BUTZNER, Senior Circuit Judge.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Randy Kendrell Simpson, Appellant Pro Se.  Michael Francis Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Randy Kendrell Simpson seeks to appeal the district court's order adopting magistrate judge's recommendation to deny relief on Simpson's 28 U.S.C.A. § 2255 (West Supp. 1999) motion.  We dismiss the appeal for lack of jurisdiction because Simpson's notice of appeal was not timely filed.

Parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  This appeal period is "mandatory and jurisdictional."  Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on November 15, 1999.[*]  Simpson's notice of appeal was filed on February 4, 2000.  Because Simpson failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal.  We

---

[*] Although the district court's order is marked as "filed" on November 12, 2000, the district court's record shows that it was entered on the docket sheet on November 15, 1999.  Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the judgment or order was entered on the docket sheet that we take as the effective date of the district court's decision.  See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3